UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLINTON WHEELER,

    Petitioner,

               CASE NO. 4:12-cv-13114
 v.             JUDGE MARK A. GOLDSMITH
               MAGISTRATE JUDGE PAUL KOMIVES

LINDA TRIBLEY,

    Respondent[1].

_____/

**REPORT AND RECOMMENDATION**

I. <u>RECOMMENDATION</u>: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should dismiss the application. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II. <u>REPORT</u>:

A. *Procedural Background*

   Petitioner Clinton Wheeler is a state prisoner, currently confined at the Ojibway Correctional Facility in Marenisco, Michigan. Petitioner is currently serving a sentence of 8-30 years' imprisonment imposed following his 2008 state court conviction for first degree criminal sexual conduct. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

-  Wheeler was convicted of one count of first-degree CSC by jury trial and, in October 2008, was sentenced as a habitual offender, second offense, to 8-to-30 years in prison.

-  In December 2008, Wheeler filed with the Michigan Court of Appeals a direct appeal.

_____

[1]By order entered this date, Linda Tribley has been substituted for Ken Romanowski as the proper respondent in this action.

On May 4, 2010, the Michigan Court of Appeals issued an unpublished per curiam opinion affirming Wheeler's conviction. *People v. Wheeler*, No. 289331, 2010 WL 1790441, at *1, (Mich. Ct. Appl. May 4, 2010)

• Wheeler subsequently filed an application for leave to appeal in the Michigan Supreme Court. On September 9, 2010, the Michigan Supreme Court denied Wheeler's application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Wheeler*, 488 Mich. 856 (2010) (unpublished table decision).

• On November 18, 2010, Wheeler filed a motion for relief from judgment with the trial court. The trial court denied this motion on December 6, 2010. Wheeler did not appeal the denial of his motion for relief from judgment to either the Michigan Court of Appeals or the Michigan Supreme Court.

• The instant habeas action before this Court was dated June 27, 2012 and filed on July 16, 2012. Because Wheeler filed his petition pro se, the petition is considered filed as of the date Wheeler signed it under penalty of perjury. *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

On June 27, 2012, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] Petitioner raises the grounds for relief that he raised in his state court motion for relief from judgment. Respondent filed an answer to the petition on January 23, 2013, arguing that petitioner's habeas application is untimely and that the claims are without merit. As of the date of this Report, petitioner has not filed a response to the motion. For the reasons that follow, the Court should deny petitioner's habeas motion.

B.     *Statute of Limitations*

1.     *Statutory Timeliness and Tolling*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In

relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for

habeas petitions.  Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[3]

As the language of the statute indicates, there are four possible dates on which the limitations

period may begin to run.  Assuming that the default provision of subparagraph (A) applies,

petitioner's application is untimely.  Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*,

111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*,

---

[3]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6.  Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, petitioner was sentenced in October, 2008. Petitioner then filed a direct appeal to the Michigan Court of Appeals in December, 2008, and on May 4, 2010, the Court of Appeals affirmed petitioner's conviction. Petitioner's direct appeal on his conviction concluded with the Michigan Supreme Court's denial of his application for leave to appeal on September 9, 2010. Petitioner's conviction became final 90 days later when the time for seeking *certiorari* in the United States Supreme Court expired, or on December 8, 2010. Thus, the one year limitation period began running on December 9, 2010, *see* FED. R. CIV. P. 6(a)(1)(A), and expired one year later on December 9, 2011. Because petitioner did not file his petition until June 27, 2012, it is untimely unless the limitations period was tolled for any reason.

Under § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]"  Petitioner's motion for relief from judgment was filed in the trial court on November 18, 2010. The trial court denied petitioner's motion on December 6, 2010, prior to the conclusion of direct review and the commencement of the limitation period.  Petitioner did not

4

appeal this decision and thus, because the limitations period had not yet started to run, the motion for relief from judgment did not toll the limitations period. Thus, because no appeal was filed, the statute of limitations period still begins 90 days after the Michigan Supreme Court denied petitioner's direct appeal. It is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.). Thus, defendant's motion for relief from judgment had no tolling effect, and petitioner's application is untimely.

2.     *Potential Arguments*

Because petitioner has not filed a reply to respondent's answer, he has offered nothing to rebut the foregoing calculation of the limitations period. Nor, for the reasons explained below, do any arguments against a finding of untimeliness suggest themselves.

a.   *Delayed Starting*

None of petitioner's claims rely on new rules of law or newly discovered facts, nor do any allegations in the petition suggest that a state-created impediment prevented petitioner from timely filing his application. Thus, the delayed starting provisions set forth in § 2244(d)(1)(B)-(D) are inapplicable.

b.   *Equitable Tolling*

The habeas limitations provision set forth in § 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling of the limitations period, petitioner "must show '(1) that he had been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. Diguglielmo*, 544 U.S. 408,

5

418 (2005)); *see also*, *Holland*, 130 S. Ct. at 2562.  "The petitioner bears the burden of establishing that he is entitled to equitable tolling."  *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Importantly, diligence alone is not sufficient; petitioner must also show that some extraordinary circumstance prevented him from timely filing his petition.  *See Mathis v. Thaler*, 616 F.3d 461, 474-76 (5th Cir. 2010) (petitioner not entitled to equitable tolling even though he had acted diligently).

Petitioner's application does not set forth any basis for a finding of equitable tolling.  Neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute extraordinary circumstances justifying equitable tolling.  *See Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (Rosen, J.); *cf. Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.").

### c.  Actual Innocence

Finally, although he does not assert it as a basis for overcoming the limitations period, in his application petitioner asserts his actual innocence as a substantive ground for relief.  The Court should conclude that this claim does not provide a basis for overcoming the statute of limitations.

The Supreme Court recently held "that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schulp* and *House*, or . . . [the] expiration of the statute of limitations." *McQuiggin v. Perkins*, ___ S. Ct. ___, 2013 WL 2300806, at *3 (May 28, 2013); *See also Souter v. Jones*, 395 F.3d 577, 598-602 (6th Cir. 2005).  In order to be entitled to the actual innocence exception, however, a petitioner must present "new and reliable evidence that was not presented at trial" that "show[s] that it is more likely than not

that no reasonable juror would have found him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 299 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327 (internal citation and quotation omitted). It is not sufficient to show merely that the evidence raises a reasonable doubt which did not otherwise exist. *See id*. at 329 ("The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in light of the new evidence, but rather that no reasonable juror would have found the defendant guilty."). "Examples of evidence which may establish factual innocence include credible declarations of guilt by another, trustworthy eyewitness accounts, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996) (citations omitted); *accord Schlup*, 513 U.S. at 324 (referring to "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"). *See generally*, *Souter*, 395 F.3d at 589-90.

At trial, the parties agreed that petitioner, victim, and friends decided to out to a local hockey game and the bar. (8/26/08 Tr. at 152) After the game, the group went to a bar, where they continued to drink. (*Id*. at 155-156). After the victim passed out, petitioner got on top of her and proceeded to have sex with her. (*Id*. at 158-159). The parties agree on all the facts prior to the victim passing out on the floor of a friends home after going out the bar. The victim alleges that after passing out on the floor, she woke up with petitioner on top of her saying, "damn girl, you're tight."(*Id*. at 158-159). The victim stated she felt pain when she awakened and found petitioner penetrating her vagina with his penis. (*Id*. at 158-159). The victim then ran upstairs to her friends room and told them what happened.(*Id*. at 160). Her friend then called the police. (*Id*. at 160).

Conversely, petitioner contends that he went down to see if the victim was alright and she started to kiss him. They kissed and petitioner asked her if she was sure she "wanted to do this" and

7

the victim replied "Um-hum." He asked "Do you want to have sex?" and she replied "yes," and they started to kiss again. He again asked her if she wanted to have sex and she replied yes. Petitioner contends that the victim was awake and communicating with him. He got undressed, got behind her, and they had sex.(*Id*. at 225-230). Obviously, the jury accepted the victim's testimony and rejected the petitioner's version of events in finding the petitioner guilty. Further, in arguing that he is actually innocent, petitioner does not point to any new evidence to establish this fact. He merely asserts that his side of the story is true and his ineffective assistance of counsel left no choice for the jury but to come back with a verdict against him. *See* Petition for Writ of Habeas Corpus at 14. Petitioner does not point to any evidence, much less to any new and reliable evidence, supporting his bare assertion of innocence. His assertion of innocence, standing alone, is insufficient to satisfy the actual innocence exception. *See Kyle v. Duncan*, 16 Fed. Appx. 678, 679 (9th Cir. 2001); *Sweet v. Delo*, 125 F.3d 1144, 1152 n.9 (8th Cir. 1997). Accordingly, the Court should conclude that petitioner cannot overcome the limitations bar with regard to his assertion of innocence or ineffective assistance of counsel.

C.      *Recommendation Regarding Certificate of Appealability*

      1.      *Legal Standard*

      As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]"

8

*Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2.      *Analysis*

Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold.  In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 485 (emphasis added).  As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted."  *Id*. at 486.

If the Court accepts the foregoing recommendation, petitioner cannot show that the Court's ruling on the procedural question is reasonably debatable.  As noted above, petitioner's habeas application is untimely by over 19 months, and petitioner has provided no basis for concluding that he is entitled to equitable tolling or application of the actual innocence exception.

D.      *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions.  Accordingly, the Court should deny petitioner's writ of habeas corpus.  If the Court accepts this recommendation, the Court should also deny the certificate of appealability.

III.      NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b).  Failure to file specific objections constitutes a waiver of any further right of appeal.

10

*Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: June 17, 2013

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Clinton Wheeler and Counsel of Record on this date.

Dated: June 17, 2013                    s/ Lisa C. Bartlett
                                        Case Manager

11